IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEVEN D. GINSBURG, on behalf of ) <br> THE VERTICAL GROUP, INC. and ) <br> STEVEN D. GINSBURG, ) <br>     Appellant, ) <br> ) <br> vs. ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> DAVID J. BIRENBAUM, ) <br>     Appellee. ) | Civil Action No. 06-01217 <br> (Appeal Related to: <br> Bankruptcy Case No. 05-20640 *and* <br> Adversary Proceeding No. 05-2506) <br> Judge Nora Barry Fischer |

## **MEMORANDUM ORDER**

This matter is before the Court on Appellant's Motion Under Rule 60 (a) and (b) for Relief from the Memorandum Order of March 27, 2008 and Memorandum of Law in Support [16], filed by Appellant Steven D. Ginsburg on April 1, 2008. On April 17, 2008, Appellee David J. Birenbaum filed Appellee's Response to Motion Under Rule 60 (a) and (b) for Relief from the Memorandum Order of March 27, 2008 and Memorandum of Law in Support (Docket No. 18).

In his motion, Appellant seeks reconsideration of the Court's March 27, 2008 Memorandum Order, in which the Court denied Appellant's appeal based on his failure to comply with Bankruptcy Rule 8006.[1] In support, Appellant essentially proffers two arguments: (1) Appellant complied with

---

[1] Bankruptcy Rule 8006 provides, in relevant part here:

> Within 10 days after filing the notice of appeal as provided by Rule 8001(a), entry of an order granting leave to appeal, or entry of an order disposing of the last timely motion outstanding of a type specified in Rule 8002(b), whichever is later, the appellant shall file with the clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented. ... The record on appeal shall include the items so designated by the parties, the notice of appeal, the judgment, order,

Rule 8006 and "had no notice that the transcript was not properly before the District Court," (Docket No. 16 at ¶1), and (2) assuming that Appellant violated Rule 8006, dismissal constitutes a harsh sanction and excusable neglect warrants relief, (Docket No. 16 at ¶3).[2] Based thereon, Appellant requests that the Court vacate its March 27, 2008 Memorandum Order and reach the merits of its bankruptcy appeal.

While the Appellant technically violated Bankruptcy Rule 8006 by failing to file the transcript, the Court finds that Appellant has cured this deficiency by promptly filing the same. (*See* Docket No. 17) ("Transcript of Bankruptcy Court Hearing on March 8, 2006"). In addition, and more significantly, the Appellant has demonstrated by way of documentary evidence that he, in fact, ordered a transcript from the Bankruptcy Court on or about July 17, 2006. (*See* Docket No. 16-3). Thus, in the interests of justice and in the interests of hearing an appeal on the merits, the Court finds that excusable neglect exists and therefore, the Court intends to grant the instant motion for reconsideration, vacate its March 27, 2008 Memorandum Order, and subsequently address the appeal

---

or decree appealed from, and any opinion, findings of fact, and conclusions of law of the court. Any party filing a designation of the items to be included in the record shall provide to the clerk a copy of the items designated or, if the party fails to provide the copy, the clerk shall prepare the copy at the party's expense. If the record designated by any party includes a transcript of any proceeding or a part thereof, the party shall, immediately after filing the designation, deliver to the reporter and file with the clerk a written request for the transcript and make satisfactory arrangements for payment of its cost. All parties shall take any other action necessary to enable the clerk to assemble and transmit the record.

Fed.R.Bankr.P. 8006.

[2] The Court notes that while the title of Appellant's motion indicates his request for relief from the March 27, 2008 under Rule 60(a) or (b), the substance of his motion only sounds in Rule 60(b).

on the merits.

However, on April 28, 2008, with the instant motion for reconsideration pending, Appellant filed a Notice of Appeal. (*See* Docket No. 19). While "[t]he filing of a notice of appeal does not divest a district court of jurisdiction to entertain a Rule 60(b) motion," *United States v. Contents of Accounts Numbers 3034504504 and 144-07143 at Merrill Lynch, Pierce, Fenner and Smith, Inc.*, 971 F.2d 974, 988 (3d Cir. 1992) (quoting *Main Line Fed. Savs. & Loan Assoc. v. Tri-Kell, Inc.*, 721 F.2d 904, 906 (3d Cir. 1983)), if a lower court intends to grant a Rule 60(b) motion while a notice of appeal is pending, the proper procedure is as follows: "If that court [i.e., the lower court] indicates that it will grant the motion [under Rule 60], the appellant should then make a motion in this court [i.e., the appellate court] for a remand of the case in order that the District Court may grant the motion ... ." *Tri-Kell*, 721 F.2d at 906 (quoting *Smith v. Pollin*, 194 F.2d 349, 350 (D.C. Cir.1952)). Shortly after *Tri-Kell*, the U.S. Court of Appeals for the Third Circuit reaffirmed this procedure in further detail:

> Most Courts of Appeals hold that while an appeal is pending, a district court, without permission of the appellate court, has the power both to entertain and to deny a Rule 60(b) motion. If a district court is inclined to grant the motion or intends to grant the motion, those courts also hold, it should certify its inclination or its intention to the appellate court which can then entertain a motion to remand the case. Once remanded, the district court will have power to grant the motion, but not before.

*Venen v. Sweet*, 758 F.2d 117, 123 (3d Cir. 1985); *see also Hancock Industries v. Schaeffer*, 811 F.2d 225, 240 (3d Cir. 1987) (same); *Contents of Accounts Numbers*, 971 F.2d at 988 (discussing that a district court retains the power to deny a Rule 60(b) motion while a notice of appeal is pending or

"to notify [appellant] that it would, if given the power, grant the motion") (citations omitted).[3] Nearly all the courts of appeal are in accord. *See Toliver v. County of Sullivan*, 957 F.2d 47, 49 (2d Cir. 1992); *Fobian v. Storage Technology Corp.*, 164 F.3d 887, 892 (4th Cir. 1999); *Winchester v. United States Attorney for S. Dist. of Texas*, 68 F.3d 947, 949 (5th Cir. 1995); *Brown v. United States*, 976 F.2d 1104, 1110-11 (7th Cir. 1992); *Winter v. Cerro Gordo County Conservation Bd.*, 925 F.2d 1069, 1073 (8th Cir. 1991); *Aldrich Enter., Inc. v. United States*, 938 F.2d 1134, 1143 (10th Cir. 1991); *Hoai v. Vo*, 935 F.2d 308, 311-12 (D.C. Cir. 1991).

In line with the above procedure, the Court hereby certifies its intention to grant Appellant's Motion Under Rule 60 (a) and (b) for Relief from the Memorandum Order of March 27, 2008 and Memorandum of Law in Support [16] and address the merits of the appeal *if* the instant matter is remanded from the U.S. Court of Appeals for the Third Circuit.[4] However, unless the case is remanded, this Court is without jurisdiction to grant the Rule 60(b) motion and address the merits of the appeal. *See Harris v. City of Philadelphia*, No. CIV. A. 82-1847, 1994 WL 408231, at *4

---

[3] Moreover, courts in this District have discussed this procedure approvingly. *See WRS, Inc. v. Plaza Entertainment, Inc.*, Civil Action No. 00-2041, 2008 WL 686773, at *8 n.26 (W.D. Pa. March 13, 2008); *Blue Mountain Environmental Management Corp. v. Chico Enterprises, Inc.*, No. Civ.A. 01-460, 2006 WL 297285, at *1 (W.D. Pa. Feb. 7, 2006); *Weber v. Warden, SCI Waymart*, No. Civ.A. 04-84, 2006 WL 23545, at *1 n.3 (E.D. Pa. Jan. 3, 2006); *Piergrossi v. Karcewski*, No. CIV. A. 93-4190, 1995 WL 393804, at *1 (E.D. Pa. June 30, 1995).

[4] The Court notes that the instant Memorandum Order does not constitute an impermissible advisory opinion insofar as it addresses and concerns actual facts that affect the parties. *See Fobian*, 164 F.3d at 891 (4th Cir. 1999) (providing that "when a district court indicates that it is inclined to grant a Rule 60(b) motion, it does not issue an opinion on hypothetical facts. Rather, it bases its decision on the actual facts. Similarly, a trial court's decision to issue a memorandum stating its inclination to grant the Rule 60(b) motion does affect the rights of the litigants. It allows a party to do that which it could not otherwise do-request leave from the appellate court for a limited remand to secure Rule 60(b) relief").

(E.D. Pa. June 28, 1994).

                                                                  *s/ Nora Barry Fischer*
                                                                  Nora Barry Fischer
                                                                  United States District Judge

Date:   May 14, 2008.

cc:     All Counsel of Record

       The Honorable Bernard Markovitz
       United States Bankruptcy Judge